## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

NELSON CASTILLO

      Petitioner,

v.                                                         CASE NO.  8:16-cv-1862-T-24TBM
                                                                          8:07-cr-237-T-24TBM

UNITED STATES OF AMERICA,

_____/

## <u>ORDER</u>

Petitioner Nelson Castillo, represented by counsel, filed a Motion to Vacate

pursuant to 28 U.S.C. § 2255 on June 27, 2016 and a memorandum in support on

December 16, 2016. The United States filed a response to the § 2255 motion on January

27, 2017, to which Petitioner filed a reply on February 10, 2017. After due consideration,

the Court finds Petitioner's motion should be denied.

Petitioner pled guilty to conspiracy to distribute and possess with intent to

distribute at least 500 grams but less than 5 kilograms of cocaine in violation of 21 U.S.C.

§ 846 (count one) and felon in possession of a firearm and ammunition in violation of 18

U.S.C. § 922(g)(1) and 924(c) (count four). On October 28, 2008, the Court sentenced

Petitioner as a career offender to a term of imprisonment of 180 months on count one and

120 months concurrent on count four, for a total sentence of 180 months.[1] Petitioner did

not appeal.

Petitioner now seeks relief under the auspices of § 2255. Petitioner argues that his

sentence as a career offender was imposed in violation of the Constitution and should be

vacated. His claim is based on Johnson v. United States, 135 S. Ct. 2551 (2015), in which

the Supreme Court held that the residual clause of the Armed Career Criminal Act

("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was

made retroactive on collateral review by the Supreme Court in Welch v. United States,

136 S. Ct. 1257 (2016).  Petitioner argues that because the Supreme Court held the

residual clause of the ACCA unconstitutionally vague, an almost identically worded

clause in the career offender sentencing guideline, USSG § 4B1.2(a)(2), must also be

unconstitutionally vague.

**TIMELINESS**

Petitioner's motion is untimely.  The one year statute of limitations under § 2255

runs from the date on which Petitioner's judgment became final. 28 U.S.C. § 2255 (f)(1).

Petitioner's conviction became final in 2008, and therefore, his motion is untimely.

Petitioner cannot claim his motion is timely under § 2255(f)(3) because Johnson is not

---

[1]The Pre-sentence Investigation Report had recommended that Petitioner be treated as an armed career criminal under the Armed Career Criminal Act ("ACCA") as well as a career offender; however, both the Government and Petitioner agreed that he should not be treated as an armed career criminal. Accordingly, the Court did not sentence Petitioner under the ACCA.

applicable to his claim.  See <u>United States v. Matchett</u>, 802 F. 3d 1185, 1196 (11th Cir.

2015) (<u>Johnson</u> does not invalidate the career offender guidelines' residual clause).

**MERITS**

At sentencing, the Court found Petitioner was a career offender. A defendant is a

career offender subject to an enhanced sentence where the instant offense is a felony that

is either a crime of violence or a controlled substance offense and the defendant has at

least two prior felony convictions of either a crime of violence or a controlled substance

offense, USSG § 4B1.1(a). The prior felonies that the Court found qualified Petitioner as

a career offender at sentencing were a state of Connecticut conviction for robbery[2] and

state of Florida convictions for trafficking in illegal drugs and conspiracy to traffic in

heroin.

Petitioner's 1991 state of Connecticut conviction for robbery in the first degree

was a crime of violence under USSG § 4B1.2(a)(1), the elements clause, because it

required the use or threatened use of force. The statutory definition for robbery in effect at

Petitioner's sentencing provided, in relevant part, the following: "A person commits

robbery when, in the course of committing a larceny, he uses or threatens the immediate

use of physical force upon another person . . . ." Conn. Gen. Stat. § 53a-133; <u>see</u>

---

[2]Petitioner in his memorandum in support makes a long argument as to why Petitioner's 1990 conviction for robbery under Florida Statute § 812.13 is not a violent felony; however, Petitioner was convicted of robbery in the state of Connecticut, not the state of Florida.

also United States v. Wiggan, 530 F. App'x 51, 56–57 (2d Cir. 2013). Also, Petitioner's

state of Florida convictions for trafficking in illegal drugs and conspiracy to traffic in

heroin in violation of Florida Statute § 893.135 were controlled substance offenses under

USSG § 4B1.2(b). (Amended Information charging Petitioner was in actual or

constructive possession of 28 grams or more of heroin.)

The Eleventh Circuit has held in Matchett that even in light of Johnson, the

residual clause in USSG § 4B1.2(a)(2) is not unconstitutionally vague.[3] 802 F.3d at 1196.

The Supreme Court has granted certiorari on the question of  whether Johnson applies to

USSG § 4B1.2(a)(2) (the residual clause). Beckles v. United States, No. 15-8544 (U.S.

June 27, 2016). However, currently Petitioner's claim is foreclosed by the binding

precedent of Matchett.  Also, even if the residual clause of the career offender guideline

was found to be unconstitutional by the Supreme Court in Beckles, Petitioner would still

be a career offender based on his prior Connecticut conviction for robbery in the first

degree, and Florida state court convictions for trafficking in illegal drugs and conspiracy

to traffic in heroin.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND**

**ADJUDGED** that:

(1)     Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 190) is **DENIED**.

---

[3]Petitioner maintains that Matchett was incorrectly decided.

-4-

(2)     The Clerk is directed to enter judgment for the United States in the civil

case and then to **CLOSE** the civil case.


### CERTIFICATE OF APPEALABILITY DENIED

Petitioner is not entitled to a certificate of appealability. He has not shown that

reasonable jurists would debate that he has made a substantial showing of the denial of a

constitutional right.  28 U.S.C.§ 2253(c)(2). Slack v. McDaniel, 529 U.S. 473, 484 (2000)

**DONE AND ORDERED** at Tampa, Florida, on February 22, 2017.


SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record